THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANÍBAL GUTIÉRREZ SOLÍS, Defendant and Appellant.

No. CR-67-250.     Decided November 28, 1969.

*Manuel López Carrillo* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Israel Arana Arana, Assistant Solicitor General,* for The People.

Mr. Justice Santana Becerra delivered the opinion of the Court.

Appellant was convicted and sentenced to serve from two to five years in the penitentiary for a violation of § 328 of the Penal Code. An automobile collision occurred at the intersection of Avenida 65 de Infantería and Highway No. 26, which ends on said avenue and leads to the International Airport. The evidence for the prosecution established that appellant was driving a 1957 Chevrolet vehicle along Avenida 65 de Infantería from Río Piedras to Carolina and when he reached that intersection he turned towards the left having the green signal, to enter onto Highway No. 26. From Carolina towards Río Piedras the same person who died was

driving a Mercedes Benz. In passing the intersection his signal was also green. A policeman, witness for the prosecution, said that the Mercedes Benz was coming along the left lane. Another witness for the prosecution, who was traveling in that car said that it was the right lane. In turning towards his left, according to the evidence for the prosecution, appellant did not stop and was traveling at a speed of 10 to 15 miles per hour according to a policeman, and according to another, at about 25 to 30 miles an hour. The driver of the Mercedes Benz was driving at a speed in excess of the 50 miles permitted at that place, calculated by a policeman from 60 to 65 miles an hour, and by the other policeman at 55 miles an hour. The Mercedes Benz collided with the Chevrolet perpendicularly on its right side, from the middle of the vehicle towards the back, destroying all that side. It pushed it over its wheels a distance of 56 feet and deposited it over the safety isle. Appellant's companion, who was riding on the right front seat, flew outside and fell on the pavement. One of the doors also came loose and fell on the pavement.

The evidence for the prosecution establishes, also, that the victim had, when the pathological analysis was made, 11% of alcohol in the blood. He had been since early in the evening at a social club, Berwind Country Club of Río Grande.

So that there might be a conviction for violation of § 328 of the Penal Code, defendant must have incurred gross negligence or recklessness, which shows disregard of the life and safety of others. *People* v. *Rodríguez*, 70 P.R.R. 21 (1949); *People* v. *Román*, 66 P.R.R. 860 (1947); *People* v. *Morales*, 43 P.R.R. 973 (1932). The common negligence which, as a question of law, may support a conviction of involuntary manslaughter for the death of a person who was run over by a vehicle does not suffice. *Cf. People* v. *López*, 77 P.R.R. 573 (1954).

Section 5-401 of the Vehicle and Traffic Law provides in its paragraph (5) that when two vehicles driven in opposite directions approach or enter at an intersection at the same time and one of them is to turn to the left, the driver of the vehicle about to turn shall yield the right of way to the vehicle moving in straight direction. And in paragraph (6) it provides that when a vehicle approaches an intersection and meets another vehicle moving in the opposite direction and already within the intersection and whose driver is making the signal to turn left, the former vehicle shall yield the right of way to the latter. A policeman testified that the Mercedes Benz had entered the intersection, even though he accepted that at that moment he was also looking towards a third policeman, who had abandoned a vehicle and was waiting for transportation, and was calling him. The other policeman testified that the Mercedes Benz was approaching the intersection.

The evidence having been considered in the light of the aforementioned provisions of law the evidence for the prosecution as believed by the jury does not establish, *as a question of law*, the kind of gross negligence which § 328 of the Penal Code requires. Whether a defendant has incurred this type of gross negligence in the last analysis is a mixed question of fact and of law, it is not exclusively a question of fact. In order that there might be a conviction, the proximate cause of death should be the result of that gross and reckless negligence.

After considering all the circumstances which surround this accident, the gross and reckless negligence of § 328 was not established with the sufficiency at law, nor beyond a reasonable doubt, that such negligence was also, as a question of law, the proximate cause of that accident. *People* v. *Rodríguez*, 70 P.R.R. 21 (1949) ; *People* v. *Agosto*, 50 P.R.R. 444 (1936).

The judgment of conviction rendered by the San Juan Part of the Superior Court on March 17, 1967 will be reversed and defendant acquitted.

Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages concur in the result. Mr. Justice Rigau did not participate herein.